IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JINHO SO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-1886-N-BD |
| UNITED STATES DEPARTMENT | § | |
| OF AGRICULTURE, FOOD AND | § | |
| NUTRITION SERVICE | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant United States Department of Agriculture, Food and Nutrition Service ("USDA") has filed a Rule 12 motion to dismiss this *pro se* civil action brought by Jinho So and Heeja Solee, individually and on behalf of Maple Convenience Store ("MCS"). In their complaint, plaintiffs generally challenge a final agency decision disqualifying MCS from participating in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program, for a period of six months.[1] Defendant argues that the individual plaintiffs, So and Solee, lack standing to bring this action because MCS is an assumed name for Texas H&M, Inc., a Texas corporation, and must be represented in federal court by a licensed attorney. Plaintiffs were ordered to file a response to the motion by January 3, 2011, but failed to do so. The court therefore decides the motion without a response.

---

[1] Under regulations promulgated by the USDA, food stamp coupons "may be accepted by an authorized retail food store only from eligible households or the households' authorized representative, *and only in exchange for eligible food*." 7 C.F.R. § 278.2(a) (emphasis added). MCS was temporarily disqualified from participation in the SNAP program because it accepted food stamp coupons in exchange for ineligible merchandise six times between July 2009 and April 2010. (*See* Def. Mot. App. at 48-49, 58-63).

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). If a plaintiff cannot establish standing, the court lacks subject matter jurisdiction over the case. *See Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). To establish standing, a plaintiff must meet both the constitutional and prudential standing requirements. *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001). At issue in this case is one of the requirements of prudential standing -- whether plaintiffs are asserting their own legal rights and interests, rather than the rights and interests of a third party. *See St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

The evidence submitted by defendant shows that MCS was disqualified from participating in the SNAP program for a period of six-months. (*See* Def. MSJ App. at 48-49). Thus, the aggrieved party in the case is MCS. Although the individual plaintiffs, Jinho So and Heeja Solee, purport to bring this action on behalf of MCS, the evidence shows that MCS is an assumed name for Texas H&M, Inc., a Texas corporation. (*Id.* at 70-73, 77). A corporation must be represented in federal court by a licensed attorney and cannot appear through an officer or shareholder. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Because neither So nor Solee have any legal rights or interest in the subject matter of this litigation, they lack standing to bring this suit.

## RECOMMENDATION

Defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. #15] should be granted. This action should be dismissed without prejudice. Plaintiff's motion for appointment of counsel [Doc. #4] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE